Mildred Stammer and Leo Stammer, Plaintiffs-Appellants, v. General Motors Corporation, a Corporation, and L. R. McKinley & Sons, Inc., a Corporation, Defendants-Appellees.

Gen. No. 69–35.

Fifth District.

April 17, 1970.

Rehearing denied May 21, 1970.

Sam S. Pessin, of Belleville, for appellants.

Wagner, Conner, Ferguson, Bertrand & Baker, of Belleville (John D. Bauman, of counsel), and Pope & Driemeyer, of East St. Louis (John T. Pierce, Jr., of counsel), for appellees.

GOLDENHERSH, J.

Plaintiffs appeal from the judgment of the Circuit Court of St. Clair County entered upon allowance of defendants' motions for directed verdicts made at the close of the plaintiffs' case.

This action was brought by plaintiff, Mildred Stammer, to recover damages for personal injuries suffered when a Chevrolet automobile driven by her stalled on a railroad crossing allegedly as the result of a defective automatic choke. The defendant, L. R. McKinley & Sons, Inc., hereafter called McKinley, is the dealer from whom the automobile was purchased. Plaintiff, Leo Stammer, seeks to recover for the damage to the automobile.

Plaintiffs' multiple-count complaint pleads their case on theories of negligence, breach of warranty and strict liability.

The evidence shows that plaintiff, Leo Stammer, received delivery of a new Chevrolet on July 20, 1964. He drove the automobile home from defendant McKinley's place of business. On this trip, approximately 5 miles in length, he experienced no difficulty with the automobile. He did not drive it again until approximately one week later. On that occasion, it "died on me." He then started driving it to and from his place of employment. He did not recall what days, but it "died on me around seven or eight times during the period I started driving it until the accident." This usually happened while he was "going to a stop sign or backing out of the driveway." When the car stalled "I would turn the key and it would seem it would turn over eight or nine times before it would start." He always used Ethyl gasoline.

317

He had not done anything to the motor, the fuel system or the choke. He did not, at any time, return the car to McKinley or see a mechanic. He had been told that if there were things wrong with the automobile to "mark it down" and it would be taken care of on the 1,000 mile checkup. He had warned his wife (the plaintiff, Mildred Stammer) that the car stalled and died. At the time of the occurrence the odometer registered 327 miles.

Mildred Stammer testified she had driven automobiles for approximately 14 years. She had driven the new Chevrolet several times prior to August 17, 1964, and had no trouble with it. August 17 was a very warm day. At approximately 9:00 a. m. when she backed the car out of the garage it "just stalled." She drove approximately 12 miles without further difficulty. At about noon she drove to a shopping center where the automobile remained parked for approximately one hour. She then drove to the intersection of North Belt and North Illinois Streets in Belleville, and turned south onto North Illinois Street. Traffic was heavy. When she was approximately two blocks north of the L. & N. crossing she saw the crossing lights flashing. The traffic was moving very slowly "and it seems like I had my foot on the brake more than I had it on the gas pedal, and it was like stopping and going." When her car was three feet north of the railroad track she stopped, and "when I stopped the car motor just died. So, I thought I would restart the car and I took my foot off of the brake and when I took my foot off of the brake the car rolled right onto the tracks, and the very minute the car rolled on the tracks I heard a train whistle." Prior to hearing the whistle she had not seen a train coming from either direction. She saw a train approaching from the left, stepped out of the automobile and remembers nothing further.

On cross-examination Mrs. Stammer testified that the automobile was equipped with automatic transmission,

when it stalled it was in "drive," she put it in "neutral" and it rolled down the incline to the track. She did not use the "park" gear or the emergency brake.

Plaintiffs called a witness to whom their counsel propounded a hypothetical question and who stated that he had an opinion as to the cause of the stopping of the automobile. The court sustained objections to the question asking him to state the opinion. Plaintiffs made offer of proof that if permitted so to do the witness would state that in his opinion the difficulty with the automobile was a defective automatic choke.

It is plaintiffs' theory on appeal that the trial court erred in excluding the opinion testimony, and the evidence was sufficient to make a prima facie case.

■ Obviously the evidence adduced would not sustain plaintiffs' case on either a negligence or breach of warranty theory. In Suvada v. White Motor Co., 32 Ill2d 612, 210 NE2d 182, at page 623, the Supreme Court said, "The plaintiffs must prove that their injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one and that the condition existed at the time it left the manufacturer's control."

■ The duty imposed upon a manufacturer is to make the product safe for the purpose for which it is supplied, and it is defective if it fails to perform in the manner reasonably to be expected in light of its nature and intended function. Dunham v. Vaughan & Bushnell Mfg. Co., 42 Ill2d 339, 247 NE2d 401. It has long been the rule that the defective condition of a product can be proved by circumstantial evidence, Lindroth v. Walgreen Co., 407 Ill 121, 94 NE2d 847. However, in view of the conclusion which we have reached it is not necessary to decide whether the evidence is sufficient to prove a defective condition or that it existed when it left defendant's control.

██ Mrs. Stammer's testimony shows clearly that the automobile rolled onto the crossing when she took her foot off the brake, while the car was in "neutral" gear and while the engine was not running. The same thing would have occurred had she taken her foot off the brake while the engine was running and while the car was in either "neutral" or "drive" gear. Under the circumstances plaintiffs failed to prove "their injury or damage resulted from a condition of the product" as required by Suvada and the court did not err in directing the verdicts.

For the reasons stated the judgment of the Circuit Court of St. Clair County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.